IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TODD WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | JURY TRIAL DEMAND |
| | ) | |
| v. | ) | Civil Action No. 3:10-00863 |
| | ) | |
| RICKY BELL, *et al.* | ) | Judge Haynes |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S PRETRIAL BRIEF

**I.    Concise Statement of the Facts.**

Plaintiff Todd White was an inmate at Riverbend Maximum Security Institute ("RMSI"). Defendant Ricky Bell was the warden at RMSI. Defendant Bryan Baldwin was a captain and the shift commander.

Plaintiff was housed in Unit 1. It was May 31, 2010, and Memorial Day weekend. The inmates had been on lock down for 23 hours per day, and 24 hours on the weekends and holidays. The guards at RMSI told the inmates there would not be any showers available for them on May 31, and some of the inmates became upset and belligerent.

During the afternoon of May 31, 2010, some of the guards, including Defendants McCall, Rader, and Bossow, entered the cell of inmate Ryan Honeycutt in Unit 1, which was across from the cell of Plaintiff White. Plaintiff observed the guards enter the cell and physically assault inmate Honeycutt. Plaintiff through water and coffee through the security flap to try and draw attention to the situation. Defendants McCall and Rader approached Plaintiff and requested that he allow them to restrain him and remove "hard items" from his cell. Plaintiff refused to

1

voluntarily be restrained, and told them he wanted Defendant Baldwin there to make sure the guards did not assault him like what he observed as to inmate Honeycutt. Defendants McCall and Rader told Plaintiff they would have "something for him" when they returned.

Defendant Baldwin was contacted by Defendant McCall about the situation with Plaintiff White and authorized McCall to form a cell extraction team, which consisted of Defendants Doss, Stewart, Rader, and McCall. These Defendants had on black helmets and face masks which shielded their identity. Defendant Bossow was responsible for carrying the restraints. Defendant Garner was responsible for operating the video camera. Defendant Baldwin led the other Defendants back to Plaintiff's cell. Plaintiff is heard on the videotape telling Defendant Baldwin he is willing to "back up" to the door to be restrained. The term "back up" means that Plaintiff is willing to turn around with his back to the door, put his hands through the security flap and be handcuffed so that the cell extraction team would not have to use force. Plaintiff also told the Defendants that since "County Joe" (Defendant Garner) was present with a video camera, he was willing to comply with their commands so that force would not be necessary.

Defendant Baldwin ignored Plaintiff's statements of compliance, and told him to go to the back of the cell, face the wall and get on his knees. Plaintiff did that. Defendants Doss and Stewart both testified that Plaintiff was in compliance, even after they entered the cell. Most of the Defendants also testified that when an inmate agrees to "back up" to the cell door and be handcuffed, there is no further need for the cell extraction team to forcibly enter the cell. The reason is simple, the inmate has agreed to comply and force is no longer necessary.

That is not what happened after Defendant Baldwin called for someone to open Plaintiff's cell door. The cell extraction team, including Defendants Doss, McCall, Rader, and Stewart,

entered the cell and proceeded to use unnecessary and excessive force on Plaintiff, including kicks, punches, and electrical shocks from a shield carried by Defendant Doss. Plaintiff was ultimately handcuffed by members of the extraction team, and stood upright in his cell facing the back wall. Plaintiff was then pushed by one of the Defendants head first into the wall, causing a severe laceration to his forehead. Defendants Doss, Rader and Stewart laid the blame on Defendant McCall, and said McCall used excessive force when he suddenly pushed the Plaintiff. Defendant McCall, in a sworn statement to Internal Affairs Investigator Jason Woodall, denied pushing Plaintiff White into the wall and said one of the other guards caused the injury. When Plaintiff was brought out of the cell, the videotape shows a large amount of blood on his shirt caused from the head injury. Clearly, somebody pushed the Plaintiff.

As the cell extraction team walked Plaintiff White down a set of stairs, Plaintiff was again forcibly taken to the concrete floor by some of Defendants, causing him additional and further injury. The cumulative effect of the excessive force by the Defendants, both in the cell and at the bottom of the stairs, required Plaintiff be taken to the prison infirmary for treatment. Plaintiff was then transported to Meharry Hospital, where he received a number of staples in his forehead to repair the large laceration. Plaintiff White retains a large scar as a result of the injury.

Plaintiff White brings this action for excessive force against Defendants Baldwin, Bossow, Doss, Stewart, McCall, Rader and Garner for violation of his civil rights to be free of cruel and unusual punishment under the Eighth Amendment to the United States Constitution, and 42 U.S.C. § 1983. Plaintiff brings this action against Defendant Bell for a failure to properly train the individual Defendants in the proper use and method of a cell extraction. Plaintiff White

3

seeks compensatory and punitive damages, along with attorneys' fees and costs.

**II.     Concise Statement of the Issues.**

1.      Whether Plaintiff's constitutional rights have been violated?

2.      Whether Plaintiff is entitled to compensatory damages?

3.      Whether Plaintiff is entitled to punitive damages?

4.      Whether Plaintiff is entitled to attorney fees and costs?

**III.    Statement of Propositions of Law.**

1.      Plaintiff may bring a claim under 42 U.S.C.§ 1983 to seek relief when a person acting under color of state law deprives him of "rights, privileges or immunities secured by the Constitution or laws of the United States," *Baker v. Goodrich,* 649 F. 3d 428, 432 (6th Cir. 2011) (quoting *Bennett v. City of Eastpointe,* 410 F.3d 810, 817 (6th Cir. 2005)).

2.      Plaintiff was protected by the Eighth Amendment's prohibition on cruel and unusual punishment, which protects prisoners from the "unnecessary and wanton infliction of pain." *Id.* at 434 (6th Cir. 2011) (quoting *Whitley v. Albers,* 475 U.S. 312, 319 (1986)).

3.       Prison guards' conduct constitutes excessive force in violation of the Eighth Amendment when force is applied "maliciously and sadistically to cause harm" rather than "in a good-faith effort to maintain or restore discipline." *Id.* (quoting *Hudson v. McMillian,* 503 U.S. 1,7 (1992)).

4.       Prison guards' conduct constitutes a failure to prevent harm in violation of the Eighth Amendment when the officials act with "deliberate indifference" to a substantial risk that an inmate will suffer serious harm. *Curry v. Scott,* 249 F.3d 493, 506 (6th Cir. 2001).

5.      A supervisor, such as Defendants Bell or Baldwin, is liable pursuant to § 1983 if

4

the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it." *Campbell v. City of Springboro, Ohio,* 700 F. 3d 779, 790 (6th Cir. 20212) (quoting *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999)). "At a minimum, a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* (quoting *Shehee.* 199 F.3d at 300).

6. A law enforcement officer "who fails to act to prevent the use of excessive force may be held liable when (1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring," *Turner v. Scott,* 119 F.3d 425, 429 (6th Cir. 1997).

7. "[I]t is possible that no one individual government actor may violate a victim's constitutional rights, but that the 'combined acts or omissions of several employees acting under a governmental policy or custom may violate an individual's constitutional rights.'" *Epps v. Lauderdale County,* 45 Fed. App'x. 332, 335 (6th Cir. 2008) (Cole, J., concurring) (quoting *Garcia v. Salt Lake County,* 768 F.2d 303, 310 (10th Cir. 1985)).

### IV. Evidentiary Rulings Counsel Anticipates May Arise.

Undersigned counsel, on behalf of Plaintiff White, does not anticipate any particular evidentiary issues at this time, other than those detailed in the Plaintiff's motion *in limine.*

### V. Type of Damages Recoverable.

Compensatory and punitive damages against the individual Defendants.

5

Case 3:10-cv-00863   Document 217   Filed 08/30/13   Page 5 of 6 PageID #: 1907

**THE LAW OFFICE OF DAVID L. COOPER, P.C**.

    s/ David L. Cooper
**DAVID L. COOPER, BPR # 11445**

Third Avenue North Building
208 Third Avenue, North, Suite 300
Nashville, TN 37201
(615) 256-1008

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and exact copy of the foregoing **Plaintiff's Pretrial Brief** has been delivered by U.S. Mail, postage prepaid to **Jennifer L. Brenner, Esq. and Rebecca Lyford, Esq.,** Assistant Attorney General, Civil Rights & Claims Division, Office of the Attorney General & Reporter, P.O. Box 20207, Nashville, TN 37202-0207, and **Jeffery Scott Frensley, Esq.,** 211 3rd Avenue North, P.O. Box 198288, Nashville, TN 37201 on this 30th day of August, 2013.

    s/ David L. Cooper
**DAVID L. COOPER**