IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TODD WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | JURY TRIAL DEMAND |
| | ) | |
| v. | ) | Civil Action No. 3:10-00863 |
| | ) | |
| RICKY BELL, *et al.* | ) | Judge Haynes |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SPECIAL JURY INSTRUCTIONS**

**PLAINTIFF'S REQUESTED JURY CHARGE NO. 1**

**MALICIOUS CONDUCT**

Conduct is malicious if it is accompanied by ill will or spite or if it is for the purpose of injuring another. Conduct is in reckless disregard of Plaintiff's rights if under the circumstances it reflects complete indifference to the safety and rights of others. You cannot award punitive damages to the Plaintiff unless you have awarded either compensatory damages or nominal damages to the Plaintiff. You do not have to award punitive damages if you award compensatory damages or nominal damages.

*Calvin B. Champion, et al. V. Outlook Nashville, Inc., et al.* 380 F.3d 893 (6th Cir. 2004) (modified).

    Given: _____

    Refused: _____

1

**REQUESTED CHARGE NO. 2**

**TESTIMONY OF CORRECTIONAL OFFICERS**

You have heard the testimony of certain correctional officers. The fact that a witness may be employed as a correctional officer does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness, or the Plaintiff. It's your addition after reviewing all the evidence whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

*Calvin B. Champion, et al. v. Outlook Nashville, Inc., et al.* 380 F.3d 893 (6th Cir. 2004) (modified).

    Given: _____

    Refused: _____

# REQUESTED CHARGE NO. 3

"Acting under color of law" simply means acting in one's capacity as a police officer. There is no dispute that the Defendants in this case were acting under color of law at the time of this incident, and you must find this element to have been established.

Michael Avery, David Rudovsky & Karen Blum, Police Misconduct: Law and Litigation § 12:4 (3d ed. 2004).

    Given: _____

    Refused: _____

# REQUESTED CHARGE NO. 4

Plaintiff must prove that a Defendant caused the harm or injuries that he allegedly suffered. In determining the question of causation, you should decide whether the Defendants' wrongful conduct was a substantial factor in the resulting injury or harm. It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury.

Michael Avery, David Rudovsky & Karen Blum, Police Misconduct; Law and Litigation §12:6 (3d ed. 2004).

  Given: _____

  Refused: _____

# REQUESTED CHARGE NO. 5

It is not necessary to find that a Defendant had any specific intent to deprive the Plaintiff of his constitutional rights, or that he acted with malice or ill will in order to find for the Plaintiff. The Plaintiff is entitled to relief if a Defendant intended the actions which resulted in a violation of his constitutional rights.

Michael Avery, David Rudovsky & Karen Blum, Police Misconduct: Law and Litigation § 12:7 (3d ed. 2004).

Given: _____

Refused: _____

# REQUESTED CHARGE NO. 6

In this case there are multiple individual Defendants and you must determine whether any or all of them are liable to the Plaintiff. In this connection, you should determine whether the officers acted jointly with and/or assisted each other. Where two or more persons act together and cause a wrong to another, they incur a joint liability for the acts of each other. The law does not require the injured party to establish how much of the injury was done by one person and how much of the injury was done by another. Rather, it permits the injured party to treat all concerned in the injury jointly and all are liable to respond to the plaintiff in a total sum as damages. All those who actively participate in a wrongful act, by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts for their benefit, are equally liable with him. Express agreement is not necessary, and all that is required is that there should be a common design or understanding, even if it is a tacit one.

Michael Avery, David Rudovsky & Karen Blum, Police Misconduct: Law and Litigation § 12:36 (3d ed.2004).

    Given: _____

    Refused: _____

# REQUESTED CHARGE NO. 7

Some of the Defendants in this case are supervisory officers who were not present at the time the immediate violation of the Plaintiff's rights allegedly took place. Supervisory officers may be held liable for a violation of the Plaintiff's rights if their own conduct was a proximate cause of the violation.

A supervisory officer subjects a person to a violation of his constitutional rights if he (1) does an affirmative act, or (2) participates or acquiesces in another's affirmative act, or (3) omits to do something which he is required to do, and that act or omission causes the violation of which the Plaintiff's rights is not required. It is sufficient if the supervisor sets in motion a series of acts by others, or knowingly refuses to terminate a series of acts by others, which he knows or reasonably should know would cause others to inflict the constitutional injury.

Michael Avery, David Rudovsky & Karen Blum, Police Misconduct: Law and Litigation § 12:37 (3d ed.2004).

Given: _____

Refused: _____

# REQUESTED CHARGE NO. 8

The fact that Plaintiff's rights are found to have been violated entitles him to compensation for the actual damages he has suffered. Therefore, if you decide for the Plaintiff on the issue of liability, you must then fix the amount of money damages which will reasonably and fairly compensate him for any harm which the wrongful conduct of the Defendants was a substantial factor in bring about.

Among the elements of injury and harm which you should consider are:

1. The physical harm to the Plaintiff during and after the impairment, including ill health, physical pain, disability, disfigurement, or discomfort, and any such physical pain, disability, and discomfort which Plaintiff will, with reasonable certainty, suffer in the future.

2. The emotional and mental harm to the Plaintiff during and after imprisonment, including fear, humiliation, and mental anguish, and any emotional harm, fear, or mental anguish that Plaintiff will, with reasonable certainty, suffer in the future.

3. The extent and duration of the injuries, including their continuation in the future.

Michael Avery, David Rudovsky & Karen Blum, Police Misconduct: Law and Litigation § 12:45 (3d ed.2004).

Given: _____

Refused: _____

# REQUESTED CHARGE NO. 9

You may decide whether the Plaintiff is entitled to the award of any punitive damages. The function of punitive damages is to punish the Defendant or Defendants for malicious conduct and to deter similar conduct by others. Whether you decide to award any punitive damages should be based on whether you find that the Defendants acted willfully, deliberately, maliciously, or with reckless disregard of the Plaintiff's constitutional rights. If you find that the Defendants have done one of those things, then you may award punitive damages.

Punitive damages may be awarded even if the violation of Plaintiffs' rights resulted in only nominal compensatory damages. That is, even if the Plaintiff can show no damages or other injury as a result of the Defendants' actions, if these actions were deliberate, willful or made with reckless disregard of Plaintiff's rights, punitive damages are appropriate.

Michael Avery, David Rudovsky & Karen Blum, Police Misconduct: Law and Litigation § 12:46 (3d ed.2004).

Given: _____

Refused: _____

# REQUESTED CHARGE NO. 10

It is possible that no one individual government actor may violate the Plaintiff's constitutional rights, but that the combined acts or omissions of several employees acting under a governmental policy or custom may violate the Plaintiff's constitutional rights.

*Epps v. Lauderdale County,* 45 Fed. App'x. 332, 335 (6th Cir. 2002) (Cole, J., concurring) (quoting *Garcia v. Salt Lake County,* 768 F. 2d 303, 310 (10th Cir. 1985)).

Given: _____

Refused: _____

# REQUESTED CHARGE NO. 11

A prison guard's conduct constitutes excessive force in violation of the Eighth Amendment when force is applied "maliciously and sadistically to cause harm" rather than "in a good-faith effort to maintain or restore discipline."

*Barker v. Goodrich,* 649 F.3d 428, 432 (6th Cir. 2011) (quoting *Bennett v. City of Eastpointe,* 410 F.3d 810, 817 (6th Cir. 2005)) (quoting *Hudson v. McMillian,* 503 U.S. 1, 7 (1992)).

Given: _____

Refused: _____

# REQUESTED CHARGE NO. 12

A prison guard's conduct constitutes a failure to prevent harm in violation of the Eighth Amendment when the prison official acts with "deliberate indifference" to a substantial risk that an inmate will suffer serious harm.

*Curry v. Scott,* 249 F. 3d 493, 506 (6th Cir. 2001).

Given: _____

Refused: _____

## REQUESTED CHARGE NO. 13

A supervisor, such as Defendant Baldwin, is liable pursuant to § 1983 if the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it." At a minimum, a Plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers. *Campbell v. City of Springboro, Ohio,* 700 F. 3d 779, 790 (6th Cir. 2012) (quoting *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999)) (quoting *Shehee,* 199 F. 3d at 300).

Given: _____

Refused: _____

## REQUESTED CHARGE NO. 14

A convicted prisoner does not forfeit all constitutional protections by reason of his conviction and confinement in prison.

*Lone v. Estate of Shabazz,* 482 U.S. 342, 348, 107 S.Ct. 2400 (1987).

Given: _____

Refused: _____

# REQUESTED CHARGE NO. 15

A prisoner is not stripped of his constitutional protections at the prison gate.

*Meadows v. Hopkins,* 713 F.2d 206, 209 (6th Cir. 1983).

Given: _____

Refused: _____

**THE LAW OFFICE OF DAVID L. COOPER, P.C**.

   s/ David L. Cooper
**DAVID L. COOPER, BPR # 11445**

Third Avenue North Building
208 Third Avenue, North, Suite 300
Nashville, TN 37201
(615) 256-1008

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and exact copy of the foregoing **Plaintiff's Special Jury Request** has been delivered by U.S. Mail, postage prepaid to **Jennifer L. Brenner, Esq. and Rebecca Lyford, Esq.,** Assistant Attorney General, Civil Rights & Claims Division, Office of the Attorney General & Reporter, P.O. Box 20207, Nashville, TN 37202-0207, and **Jeffery Scott Frensley, Esq.,** 211 3rd Avenue North, P.O. Box 198288, Nashville, TN 37201 on this 30th day of August, 2013.

   s/ David L. Cooper
**DAVID L. COOPER**