IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
MIDDLE DIVISION

| | | |
|---|---|---|
| Todd White, | ) | |
| | ) | Case No. 3:10-cv-00863 |
|     Plaintiff, | ) | Judge William J. Haynes, Jr. |
| | ) | Jury Trial Demanded |
| v. | ) | |
| | ) | |
| Gayle Ray, *et al*., | ) | |
| | ) | |
|     Defendants. | ) | |

_____

**DEFENDANTS' PRETRIAL BRIEF**
_____

Defendants, Ricky Bell, James Bossow, Gaelan Doss, Gregory Garner, Joel Rader, Jr., and Sean Stewart, hereby provide the following Pretrial Brief:

**I.**    **Concise Statement of the Facts**

On May 31, 2010, inmates housed in the plaintiff's unit at the Riverbend Maximum Security Institution were informed that they would not be allowed to shower on that day, due to the Memorial Day Holiday. This angered Todd White and in protest, he threw what is believed to be urine or feces on correctional officers delivering food. As a result, it was requested that Mr. White submit to restraints in order for officers to enter his cell to remove any containers that could

1

be used to further assault officers. He refused and a cell extraction team was formed to enter his cell.

Once inside, the extraction team struggled with the plaintiff for a few minutes in their attempt to apply wrist and leg restraints. Throughout this struggle, Mr. White can be heard laughing, cursing and threatening violence against members of the extraction team, including a threat to kill one of them. While Mr. White alleges that he was subjected to the use of excessive force by these defendants, his allegations are not supported by the extraction video.

Nevertheless, once the plaintiff was stood up and the officers were ready to exit his cell, former officer and defendant Joshua McCall pushed Mr. White from behind, causing an injury to his head. These defendants had no knowledge that Mr. McCall was going to push the plaintiff and it happened so quickly that they could not prevent it. None of these defendants physically assaulted Mr. White, nor did any act on the part of these defendants constitute a violation of Mr. White's constitutional rights. As to defendant Warden Bell, there was no failure to train the remaining defendants which was the proximate cause of any damages to the plaintiff.

## II. Concise Statement of the Issues

1. Whether defendants Warden Ricky Bell, Gaelan Doss, Sean Stewart, Gregory Garner, James Bossow or Joel Rader violated the plaintiff's rights under the Eighth Amendment to the United States Constitution rights by subjecting him to the use of cruel and inhumane treatment?

2. If any of these defendants are liable, what are the damages?

3. If inmate White's constitutional rights were violated by the use of excessive force in the incident on May 31, 2010, then is former Warden Ricky Bell liable for failure to train the officers?

4. If Ricky Bell is liable to the plaintiff, what are the damages?

## III. Statement of Propositions of Law.

1. The defendants are sued as individuals. Each defendant will be personally liable should any damages be awarded in this action. The State of Tennessee is not a party to this lawsuit. U. S. CONST., Amend. XI; *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); *Deane Hill Country Club v. City of Knoxville*, 379 F.2d 321, 324-25 (6th Cir.) *cert. denied* 389 U.S. 975 (1967).

2. To establish a claim under § 1983, plaintiff must establish, by a preponderance of the evidence, each of the following three (3) elements: First, that

3

the conduct complained of was committed by a person acting under color of state law; Second, that this conduct deprived the plaintiff's decedent of rights, privileges or immunities secured by the constitutional laws or laws of the United States; and Third, that the defendants' acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

3. State policies or rules do not create constitutionally-protected liberty interests. In other words, a mere violation of state policies or procedures or policies of a particular prison is not a violation of an inmate's constitutional rights. *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983); *Rimmer-Bey v. Brown*, 62 F.3d 789 (6th Cir. 1995); *Miller v. Campbell*, 108 F. Supp. 2d 960 (W.D. Tenn. 2000).

4. To establish a claim under § 1983, the plaintiff must show that the defendants acted intentionally. An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct.

662, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon*, 474 U.S. 327, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

5.  The plaintiff must prove that the defendants' acts were a proximate cause of the plaintiff's injuries. Proximate cause means that there must be a sufficient causal connection between the act or omission of the defendants and any injury or damage sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendants' act or omission. *Graham v. Western Line Consolidated School District*, 439 U.S. 410, 99 S.Ct. 693, 58 L.Ed.2d 619 (1979); *Mt. Healthy City School District Board of Educ. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

6.  To establish liability, a plaintiff must prove that a defendant was personally involved in the misconduct alleged. *Rymer v. Davis*, 754 F.2d 198, 200 (6th Cir. 1985), *vacated and remanded sub nom. City of Shepardville v. Rymer*, 105 S.Ct. 3518 (1985), *reaffirmed sub nom. Rymer v. Davis*, 775 F.2d 756 (6th cir. 1985); *Hayes v. Jefferson County*, 668 F.2d 869 (6th Cir. 1982), *cert. denied*, 459 U.S. 833 (1983); *Coffee v. Multi- County Narcotics Bureau*, 600 F.2d 570, 580 (6th Cir. 1979).

7. Under the Constitution, prison officials and administrators are accorded wide-ranging discretion in adopting and executing policies and procedures which, in their expert judgment, are necessary to preserve internal order and discipline, and to maintain security. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987); *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (l983); *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 1878-79; 64 L.Ed.2d 447 (1979).

8. A claim of threats, verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983; mere words, no matter how threatening or offensive, do not amount to constitutional violations. *Emmons v. McLaughlin*, 874 F. 2d 351, 353 (6th Cir. 1989); *Macko v. Byron,* 760 F.2d 95 (6th Cir. 1985); *Ivey v. Wilson*, 832 F.2d 950 (6th Cir. 1987).

9. The essential purpose for requiring discipline in a jail or prison is maintaining safety and internal security. Therefore, prison rules and orders must merely be, "reasonably related to legitimate penological interests." Officers in a jail therefore have the right to give any orders or instructions that have any reasonable relationship to legitimate penological interest, and then enforce those orders or instructions by the use of reasonable force. If physical force was used by a

6

Case 3:10-cv-00863   Document 222   Filed 08/30/13   Page 6 of 11 PageID #: 1961

defendant, it is only excessive and constitutes cruel and unusual punishment if that force is applied maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); *Turner v. Safley*, 482 U.S. at 92; *See also Meadows v. Hopkins*, 713 F.2d 206, 209-10 (6th Cir. 1983); *Thornburgh v. Abbott*, 490 U.S. 401 (1989).

10. In order to prevail against a prison official for use of excessive force, the plaintiff must show both a culpable state of mind on the part of the official and a deprivation sufficiently serious to amount to cruel and unusual punishment. In order for an alleged injury to constitute cruel and unusual punishment, the injury must constitute physical abuse of such base, inhumane and barbaric proportions as to shock the sensibilities. The administration of a prison is, at best, an extraordinarily difficult undertaking, and the security of an institution is central to all other corrections goals. Considerations of security are peculiarly within the province and professional expertise of correction officials. Prison officials must be given wide-ranging deference to adopt and carry out policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977); *Bell v. Wolfish*, 441 U.S.

520, 60 L.Ed.2d 447 (1979); *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864 (1983).

11. In order to find a supervisor liable on a theory of failure to train or failure to adopt constitutionally adequate policies, it is necessary for the plaintiff to demonstrate that the failure to train or to adopt policies rises to the level of deliberate indifference to constitutional rights and that the identified deficiency is closely related to the ultimate injury. Inadequacy of training may serve as a basis for § 1983 liability "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the [officers] come into contact." The focus must be on the adequacy of the training program in relation to the tasks the particular officers must perform. That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the supervisor, for the officer's shortcomings may have resulted from factors other than a faulty training program. It may be, for example, that an otherwise sound program has occasionally been negligently administered. Neither will it suffice to prove that an injury could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct. And plainly, adequately trained officers occasionally make mistakes; the fact that they do says

little about the training program or the legal basis for holding the supervisor liable. In order to prevail upon a theory of failure to train or to adopt policies, a plaintiff must also show that the lack of training or the inadequacies of the policies was sufficiently causally connected to the ultimate injury, i.e., that the indifference was the "moving force" or the "affirmative link" behind the complained of action. Liability under § 1983 must be based on active unconstitutional behavior and cannot be based respondeat superior or upon "a mere failure to act." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); *Walker v. Norris*, 917 F.2d 1449, 1456 (6th Cir. 1990); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Coffy v. Multi-County Narcotics Bureau*, 600 F.2d 570, 580 (6th Cir. 1979).

IV. **Outstanding Evidentiary Issues**.

Both the plaintiff and defendants have filed motions *in limine*. The undersigned believes that the issues raised in the respective motions can be worked out prior to trial.

V. **Damages Recoverable.**

Compensatory and punitive damages could be recoverable against the defendants, however, they submit that the evidence will not support such an award.

Respectfully submitted,

ROBERT E. COOPER, JR., BPR# 010934
Attorney General & Reporter

S/ Jennifer L. Brenner
_____
Jennifer L. Brenner, BPR# 022692
Senior Counsel
Civil Rights & Claims Division
Office of the Attorney General & Reporter
P.O. Box 20207
Nashville, TN 37202-0207
(615) 532-2500

# CERTIFICATE OF SERVICE

I hereby certify that a full and complete copy of the foregoing Defendants' Pretrial Brief was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt on this the 30th day of August, 2013:

David L. Cooper, Esq., BPR# 11445
Third Avenue North Building
208 Third Avenue North, Suite 300
Nashville, Tennessee 37201
(615) 256-1008

Blair Durham, Esq., BPR# 21453
Benjamin E. Winters, Esq., BPR# 23970
Durham & Dread, PLC
1709 19th Avenue South
Nashville, Tennessee 37212
(615) 252-9937

Jeffrey S. Frensley, BPR #017358
211 Third Avenue North
Nashville, TN 37201
(615) 256-2111

*A true and exact copy was deposited in the United States Mail to:*
Joshua McCall
145 Heritage Circle
LaVergne, Tennessee 37086

        S/ Jennifer L. Brenner

        Jennifer L. Brenner
        Senior Counsel

11

Case 3:10-cv-00863   Document 222   Filed 08/30/13   Page 11 of 11 PageID #: 1966