UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TODD WHITE,                    )
                               )
        Plaintiff,              )
                               )
v.                             )       No. 3:10-00863
                               )       Chief Judge Haynes
                               )
RICKY BELL, et al.,            )
                               )
        Defendants.             )

# MEMORANDUM

Plaintiff Todd White filed this action under 42 U.S.C. § 1983 against the Defendants: Ricky Bell, individually and in his official capacity as Warden of the Riverbend Maximum Security Institution ("RMSI"), and Joel Rader, Joshua McCall, Gaelan Doss, Sean Stewart, Bryan Baldwin, Gregory Garner, and James Bossow, individually and in their official capacities as correctional officers at the RMSI.[1] Plaintiff's claims arose out of injuries he allegedly suffered during an extraction from his cell at RMSI, where he was an inmate. Plaintiff asserted claims for violation of his Eighth and Fourteenth Amendment rights by the Defendant Officers physically beating him in the process of extracting him from his cell and the Defendant Warden's failure to train and supervise adequately the Defendant Officers. After discovery, Defendant Bryan Baldwin filed a motion for summary judgment, and Defendants Ricky Bell, James Bossow, Gaelan Doss, Gregory Garner, Joel Rader, Jr. and Sean Stewart filed a motion to dismiss or for summary judgment that were both denied

---

[1]Plaintiff voluntarily dismissed his claims against Stephen Rayno. (Docket Entry No. 125).

by the Court. (Docket Entry No. 255). Plaintiff's claims proceeded to a jury trial, and on September 27, 2013, a verdict in favor of the Defendants was entered. (Docket Entry No. 265).

Before the Court is Plaintiff's motion for new trial (Docket Entry No. 271), contending that the jury's verdict was against the clear weight of the evidence. Plaintiff seeks a new trial against Defendants Rader, Doss, Stewart and McCall for excessive force; against Defendants Baldwin and Bossow for failure to intervene; and against Defendant Bell for failure to train.[2] In response, Defendants contend that there was sufficient evidence to support the jury's verdict. Defendant McCall, acting pro se, did not file a response.

Federal. Rule of Civil Procedure 59(a)(1)(A), which governs grounds for new trial, provides as follows:

> (1) The court may, on motion, grant a new trial on all or some of the issues – and to any party – as follows:
>
> (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court.

The authority to grant a new trial under Rule 59 rests within the discretion of the trial court. Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940).

On a motion for a new trial, the Court is to decide if the jury could reasonably reach the verdict based upon the evidence. Powers v. Bayliner Marine Corp., 83 F.3d 790, 798 (6th Cir. 1996). A trial court cannot substitute its judgment on credibility for the jury's determinations. Anderson v. Conwood Co., 34 F. Supp.2d 650, 653 (W.D. Tenn. 1999) (citing Farber v. Massillon Bd. of Educ., 917 F.2d 1391, 1395 (6th Cir. 1990)).

---

[2]Plaintiff does not seek a new trial as to Defendant Garner.

Upon a motion for a new trial, the Court is not to set aside the jury verdict absent a showing of a "'seriously erroneous result' as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias." Holmes v. City of Massillon, Ohio, 78 F.3d 1041, 1046 (6th Cir. 1996). The evidence is also reviewed "most strongly in a light in favor of the verdict." Ross v. Meyers, 883 F.2d 486, 488 (6th Cir. 1989).

In Strickland v. Owens Corning, 142 F.3d 353 (6th Cir. 1998), the Sixth Circuit outlined the following analysis for ruling on a motion for a new trial:

> [I]n ruling upon a motion for a new trial based on the ground that the verdict is against the weight of the evidence, the trial court must compare the opposing proofs, weigh the evidence, and set aside the verdict if it is of the opinion that the verdict is against the clear weight of the evidence. It should deny the motion if the verdict is one which could reasonably have been reached, and the verdict should not be considered unreasonable simply because different inferences and conclusions could have been drawn or because other results are more reasonable.

Id. at 357 (quoting J.C. Wyckoff & Assocs., Inc. v. Standard Fire Ins. Co., 936 F.2d 1474, 1487 (6th Cir. 1991)). Yet, "while the district judge has a duty to intervene in appropriate cases, the jury's verdict should be accepted if it is one which could reasonably have been reached." Bruner v. Dunaway, 684 F.2d 422, 425 (6th Cir. 1982). Thus, the Court shall "'deny the motion if the verdict is one which could reasonably have been reached,' regardless of whether 'different inferences and conclusions could have been drawn or because other results are more reasonable.'" Onuoha v. Continental Airlines, Inc., 97 F. App'x 1, 2-3 (6th Cir. 2003) (quoting J.C. Wyckoff, 936 F.2d at 1487).

### A. Defendants Rader, Doss, Stewart and McCall

Plaintiff contends that he is entitled to a new trial based on the weight of the evidence that Defendants Rader, Doss, Stewart and McCall used excessive force during Plaintiff's cell extraction. Specifically, Plaintiff contends that either Defendants McCall, Stewart and/or Doss committed excessive force when one of them slammed Plaintiff's head into the cell wall while Plaintiff was in full restraints and that either Defendants McCall, Stewart and/or Rader committed excessive force when Plaintiff was "taken down by the Defendants at the bottom of the stairs, causing him additional and further injury." (Docket Entry No. 272 at 3, 8).

In response (Docket Entry No. 274), Defendants Stewart, Doss and Rader contend that based upon the evidence presented at trial, the jury reached a reasonable verdict that did not result in a miscarriage of justice and there was not evidence that the force used to push Plaintiff into the wall was applied maliciously and sadistically to cause harm under the Eighth Amendment.

The Eighth Amendment prohibits the "'unnecessary and wanton infliction of pain.'" Whitley v. Albers, 475 U.S. 312, 319 (1986) (quoting Ingraham v. Wright, 430 U.S. 651, 670 (1977) (citation and internal quotation marks omitted)). An Eighth Amendment claim for excessive force has both a subjective and an objective component. Farmer v. Brennan, 511 U.S. 825, 834 (1994). "Thus, courts considering a prisoner's claim must ask both if 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Hudson v. McMillian, 503 U.S. 1, 8 (1992) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). In the excessive force context, "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "'[S]uch factors as the need for

the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted,' are relevant [in determining the manner in which the force was applied]." Whitley, 475 U.S. at 321 (citation omitted).

Other relevant factors include "the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response." Id. "From such considerations inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." Id. Thus, "[t]he absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Hudson, 503 U.S. at 7.

The objective component of an Eighth Amendment claim requires that the pain be serious. Moore v. Holbrook, 2 F.3d 697, 700 (6th Cir. 1993). The objective component is contextual and is responsive to "contemporary standards of decency." Hudson, 503 U.S. at 8 (citation and internal quotation marks omitted). In the excessive force context, regardless of any significant injury "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. . . . Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." Id. at 9 (citation omitted).

To be sure, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id.; see id. (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.")). The Eighth Amendment recognizes "*de minimis* uses of physical

force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10 (citation and internal quotation marks omitted).

Plaintiff cites three instances where he was subjected to excessive force: (1) when the cell extraction team entered Plaintiff's cell and restrained Plaintiff; (2) when Plaintiff's head was pushed in to the wall after Plaintiff was restrained and compliant; and (3) when Plaintiff was "taken down" at the bottom of the stairs. The evidence at trial demonstrated that Plaintiff admittedly threw, at a minimum, a liquid substance out of his cell at officers that constituted an assault; that Plaintiff was given the opportunity to "back up" and be handcuffed, but refused, prompting the deployment of the cell extraction team; that Plaintiff resisted being handcuffed when the cell extraction team entered Plaintiff's cell; and that Plaintiff did not suffer an injury while he was resisting and being restrained. Based upon the evidence at trial, the Court concludes that the jury could reasonably have reached the conclusion that Plaintiff was not subjected to excessive force during the initial cell extraction, as the force used was applied in a good-faith effort to maintain or restore discipline and was not maliciously and sadistically done to cause harm.

The crux of Plaintiff's excessive force claim rests upon the injury Plaintiff sustained after he was restrained and compliant. The undisputed facts at trial showed that Plaintiff was restrained and compliant when he was shoved into the wall, injuring his head. The only dispute is as to who pushed Plaintiff into the wall. Defendant McCall testified that Defendants Doss and Stewart pushed Plaintiff into the wall. Defendant Doss testified that McCall pushed Plaintiff into the wall. Defendants Rader and Stewart testified that they believed that McCall pushed Plaintiff into the wall. Given the undisputed evidence, the Court concludes that pushing a restrained and compliant inmate into a wall, causing injury to the inmate's head, constitutes excessive force under the Eighth

Amendment. Thus, the Court concludes that the jury's verdict that Plaintiff was not subjected to excessive force when Plaintiff, while restrained and compliant, was pushed into the wall is against the clear weight of the evidence. As to who pushed Plaintiff into the wall is a credibility issue to be resolved by the jury. Defendants McCall, Doss and Stewart were the only Defendants implicated in pushing Plaintiff's head into the wall.

To be sure, "a correctional officer who observes an unlawful beating may, nevertheless, be held liable under § 1983 without actively participating in the unlawful beating." McHenry v. Chadwick, 896 F.2d 184, 188 (6th Cir. 1990); Miller v. Smith, 220 F.3d 491, 495 (7th Cir. 2000). Acts of omission are actionable to the same extent as are acts of commission. Smith v. Ross, 482 F.2d 33, 37 (6th Cir.1973) (per curiam). A correction officer who fails to act to prevent the use of excessive force may be held liable when: "(1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring." Turner v. Scott, 119 F.3d 425, 429 (6th Cir. 1997); McGowan v. Cantrell, No. 1:05-cv-334, 2010 WL 446914, at *14 (E.D. Tenn. Feb. 2, 2010). For liability to attach, there must have been "a realistic opportunity to intervene to prevent the harm" from occurring. Ontha v. Rutherford Cnty., Tenn., 222 F. App'x 498, 507 (6th Cir. 2007).

Yet, unlike the facts in McHenry, in this action there was not any evidence presented at trial that during the cell extraction these Defendants knew that Plaintiff would be pushed into the wall and had the opportunity to intervene. Thus, the Court concludes that the issue to be retried is whether McCall, Doss and/or Stewart committed excessive force by pushing Plaintiff's head into the wall in violation of the Eighth Amendment.

As to Plaintiff's excessive force claim against Defendants McCall, Rader and Stewart for "taking him down" at the bottom of the stairs, there was evidence that Plaintiff previously spit blood on Defendant Baldwin. Plaintiff testified that as he was walking downstairs he had blood in his mouth and cleared his throat. Defendant Doss testified that he heard Plaintiff sound like he was about to spit. Although Plaintiff testified that he injured his neck in the takedown, Plaintiff admitted that he did not report such an injury. Nor did his medical records reflect that he suffered any injury as a result of the takedown. Accordingly, the Court concludes that the jury's conclusion that Plaintiff was not subjected to excessive force during the takedown should be accepted as it is one which could reasonably have been reached.

### B. Defendant Bossow

Plaintiff contends that a new trial should be granted on Plaintiff's failure to intervene claim against Defendant Bossow, citing as grounds that Bossow observed McCall and Rader use excessive force on inmate Ryan Honeycutt during a cell extraction earlier that day, that Bossow failed to report that excessive force to Defendant Baldwin, and that because Bossow was upset about what occurred during the Honeycutt extraction that Bossow did not want to suit up for the cell extraction of Plaintiff.

The evidence at trial demonstrated that Honeycutt's cell extraction was conducted under different circumstances than Plaintiff's extraction as Honeycutt's extraction required a greater amount of force used to restrain Honeycutt. Moreover, a cell extraction in of itself does not constitute excessive force. In the excessive force context, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. As stated previously, based upon the evidence

8

at trial, the jury could have reasonably reached the conclusion that Plaintiff was not subjected to excessive force during the initial cell extraction as the force used was applied in a good-faith effort to maintain or restore discipline and was not maliciously and sadistically done to cause harm.

Bossow testified that he was unaware that anyone would push Plaintiff into the wall, and evidence at trial reflected that the push happened very quickly and Bossow physically was not in a position to intervene. Bossow further testified that he did not observe Plaintiff being taken to the ground as he was still coming down the stairs when the incident happened. Moreover, as stated previously, the jury's conclusion that Plaintiff was not subjected to excessive force during the take down at the bottom of stairs is reasonably supported by the evidence.

Accordingly, for these reasons, the Court concludes that the jury's verdict in favor of Defendant Bossow was not against the weight of the evidence.

### C. Defendant Baldwin

Plaintiff contends that a new trial should be granted on Plaintiff's failure to intervene claim against Defendant Baldwin, citing as grounds that:

> 1. Todd White was heard on the cell extraction videotape telling the team members he was willing to "back up" to the door and comply with the guards request.
>
> 2. According to Warden Bell, when an inmate states he is willing to "back up" to the cell door, there is no further need for force.
>
> 3. Even though this was not written in the cell extraction policy that was offered in evidence as Plaintiff's Exhibit No. 10, it was at least the "procedure" at Riverin terms of the method to follow that had been used for a number of years.

(Docket Entry No. 272 at 8-9).

For the reasons previously stated, the evidence supports the jury's conclusion that Plaintiff was not subjected to excessive force during the extraction and the take down at the bottom of stairs.

9

Moreover, the evidence demonstrated that Baldwin was unaware that Plaintiff would be taken to the floor at the bottom of the stairs, that the incident happened quickly and that given Baldwin's position at the rear of the line of the officers he neither had the means nor the opportunity to intervene.

As to Plaintiff's claim that Baldwin failed to intervene when Plaintiff was pushed into the wall, the evidence established that Baldwin was unaware of the particulars of the Honeycutt extraction; that Plaintiff refused to "back up," prompting the entry of the cell extraction team; that prison policy did not require Defendants to give Plaintiff a second chance to "back up;" that witnesses testified that the push happened very quickly; and that Baldwin was standing outside of the cell when the push occurred.

Accordingly, for these reasons the Court concludes that the jury verdict in favor of Defendant Baldwin was not against the weight of the evidence.

### D. Defendant Bell

Plaintiff contends that a new trial should be granted on Plaintiff's failure to train claim against Defendant Bell, citing that cell extraction training stopped at Riverbend in 2007 and was shifted to the training academy in Tullahoma, that Defendant Bell did not know what training the Defendants had in cell extractions from 2007 to May 31, 2010, that Riverbend policy required 4 hours of cell extraction training each year, that Defendant Stewart did not have any cell extraction training in 2009 or 2010, that Defendant Doss did not have any cell extraction training from 2007 until May 31, 2010, and Defendant Baldwin did not have any formal cell extraction training.

For a § 1983 action against a supervisory official, a plaintiff must allege that the defendant was either directly or personally involved in the alleged unconstitutional activity. <u>Dunn v. State of Tennessee</u>, 697 F.2d 121, 128 (6th Cir. 1982). "What is required is a causal connection between the

misconduct complained of and the official sued." Id. Liability under § 1983 must be based on more than *respondeat superior* or the right to control employees. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).

> [A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

Id. at 300 (citation omitted).

In the context of police training, the Supreme Court in City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989), held that a failure to train employees can be a basis for § 1983 liability "where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." The Sixth Circuit has applied the deliberate indifference standard for supervisory liability articulated by the Supreme Court in Harris to the failure to train prison guards. Walker v. Norris, 917 F.2d 1449, 1456 (6th Cir. 1990).

"'[D]eliberate' indifference is a stringent standard of fault, requiring proof that a [defendant] disregarded a known or obvious consequence of his action." Board of Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 410 (1997). To establish deliberate indifference, the plaintiff must ordinarily "show prior instances of unconstitutional conduct demonstrating that the [defendant] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." Fisher v. Harden, 398 F.3d 837, 849 (6th Cir. 2005). "Deliberate indifference requires more than a negligent series of oversights; the risk of a constitutional violation must be 'plainly obvious' and yet disregarded." Okolo v. Metro. Gov't of Nashville, 892 F. Supp.2d 931, 944 (M.D. Tenn. 2012) (citing Stemler v. City of Florence, 126 F.3d 856, 865 (6th Cir. 1997)).

To determine liability, the Supreme Court in <u>Harris</u> stated that:

> the focus must be on adequacy of the training program in relation to the tasks the particular officers must perform. That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the [supervisor], for the officer's shortcomings may have resulted from factors other than a faulty training program. It may be, for example, that an otherwise sound program has occasionally been negligently administered. Neither will it suffice to prove that an injury or accident could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct. . . . And plainly, adequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the [supervisor] liable.

489 U.S. at 390-91 (citations omitted).

To prevail upon a theory of failure to train, a plaintiff must also show that the lack of training was sufficiently causally connected to the ultimate injury, i.e., that the indifference was the "moving force" or the "affirmative link" behind the complained of action. <u>Id</u>. at 389; <u>Oklahoma City v. Tuttle</u>, 471 U.S. 808, 850 (1985).

To succeed on a claim for failure to train correction officers, the plaintiff must prove (1) that the training program was inadequate to the tasks that the correction officers must perform; (2) that the inadequacy was the result of the supervisor's deliberate indifference; and (3) that the inadequacy was closely related to or actually caused the plaintiff's injury. <u>Hill v. McIntyre</u>, 884 F.2d 271, 275 (6th Cir. 1989) (citing <u>Harris</u>, 489 U.S. at 390-91).

As to the second element, there are two ways of demonstrating deliberate indifference. The plaintiff may "show deliberate indifference through evidence of prior instances of unconstitutional conduct demonstrating that [the supervisor] had notice that the training was deficient and likely to cause injury but ignored it." <u>Harvey v. Campbell Cnty., Tenn.</u>, 453 F. App'x 557, 562 (6th Cir. 2011) (citing <u>Plinton v. County of Summit</u>, 540 F.3d 459, 464 (6th Cir.2008) (citation omitted)).

Alternatively, the plaintiff may "show deliberate indifference through evidence of a single violation of federal rights, accompanied by a showing that [the supervisor] had failed to train employees to handle recurring situations presenting an obvious potential for such a violation." Id. (citations omitted). If the constitutional violation was not "part of a pattern of past misconduct, a supervisory official . . . may be held liable only where there is essentially a complete failure to train the [officers], or training that is so reckless or grossly negligent that future misconduct is almost inevitable, or would properly be characterized as substantially certain to result." Hays v. Jefferson Cnty, Ky., 668 F.2d 869, 874 (6th Cir. 1982).

The evidence at trial demonstrated that the training procedure for cell extraction had not changed since its implementation in 1989; that Defendant Bell was instrumental in implementing formal cell extraction training at Riverbend; and that while some Defendants had received refresher training more recently than others, all the Defendants who suited up for the cell extraction team previously received training on cell extractions. Further, from the evidence the jury could have reasonably concluded that Plaintiff's injury was not caused by inadequate training, but by an isolated push after Plaintiff was restrained.

Accordingly, the Court concludes that based upon the evidence presented at trial the verdict in favor Defendant Bell is one which could reasonably have been reached.

Accordingly, for these reasons, the Court concludes that Plaintiff's motion for new trial (Docket Entry No. 271) should be granted as to Plaintiff's claim that Defendants McCall, Doss and/or Stewart committed excessive force by pushing Plaintiff's head into the wall in violation of the Eighth Amendment, but denied as to the claims against Defendants Rader, Bossow, Baldwin and Bell.

An appropriate Order is filed herewith.

**ENTERED** this the ___30th___ day of June, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court