IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TODD WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | JURY TRIAL DEMAND |
| | ) | |
| v. | ) | Civil Action No. 3:10-00863 |
| | ) | |
| RICKY BELL, *et al.* | ) | Senior Judge Haynes |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Todd White files this response in opposition to Defendants Doss and Stewart's motion to dismiss (Docket Entry No. 309).

1. Defendants' motion is untimely, since the scheduling order in this action required that all dispositive motions be filed on or before August 5, 2013 (Docket Entry No. 149). In fact, Defendants filed a motion to dismiss and/or motion for summary judgment on July 18, 2013 (Docket Entry No. 173). The motion was ultimately denied by the Court (Docket Entry No. 255).

2. Defendants admitted in their Answer to the First Amended Complaint they were employees of the state at the time of the incident.

> "Defendants admit that at all times relevant to this lawsuit, the defendants were employees of the Tennessee Department of Corrections. Defendants further admit that this lawsuit was timely filed and that this Court has jurisdiction over the matters raised therein."

(*Answer to Amended Complaint*, Docket Entry No. 89).

Defendants have forfeited the opportunity to raised this as an issue, especially since it was filed one (1) day after the pre-trial conference, not raised by the Defendants during the

1

conference, and was not accompanied by a motion requesting permission to file it outside the scheduling order (See Docket Entry No. 135, pgs. 3-4) ("Such a request [extension of any deadline] shall be considered only upon a motion made in open court or by a written motion of a party or joint motion of the parties.").

    3. Eleventh Amendment immunity, even if established, does not deprive a district court of "subject matter jurisdiction." If so, there would be no need for defendants to assert it as an affirmative defense in their answer to the complaint. *See Wisconsin Department of Corrections v. Schacht*, 118 S.Ct. 2047, 2051 (1998), holding the Eleventh Amendment does not destroy original jurisdiction, but instead grants the state a legal power to assert a sovereign immunity defense should it chose to. The state is free to waive the defense, and the court need not raise the defect on its own. If the state does not raised it, the court may ignore it. *See Constantine v. Rectors and Visitors of George Mason University*, 411 F.3d 474, 481-482 (4th Cir. 2005), holding that Eleventh Amendment immunity is not strictly an issue of subject matter jurisdiction, but a court should address the issue promptly once the state asserts its immunity. "Like personal jurisdiction, however, Eleventh Amendment immunity need not be raised by a court *sua sponte*." *Id*., at 481. *See also Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 238 (1985) ("... if a State waives its immunity and consents to suit in federal court, the Eleventh Amendment does not bar the action."). Defendants Doss and Stewart have failed to timely raise the Eleventh Amendment issue, so it is waived as a defense.

    4. Defendants base their motion to dismiss on "Tenn. R. Civ. P. 12.02(1)" That state rule of civil procedure does not apply to this action. Plaintiff requests the Court deny the Defendants' motion to dismiss based on citing to an incorrect rule of civil procedure. If Defendants want to

2

Case 3:10-cv-00863   Document 313   Filed 01/15/15   Page 2 of 4 PageID #: 2674

re-file the motion, they can certainly request permission.  In addition, Defendants' memorandum of law relies on "Fed. R. Civ. P. 12.02(h)(3)."  Again, there is no such rule.[1]

5.  Plaintiff filed a Third Amended Complaint against Defendant Joel Rader after he was properly identified (Docket Entry Nos. 111 and 113).  The Attorney General's office filed an answer on behalf of Defendant Rader; it failed to file a supplemental answer for Defendants Doss and Stewart.  Again, Defendants waived the affirmative defense by failing to plead it in an answer.

6.  Defendants Doss and Stewart have been sued in both their official and individual capacities.  Since they have both been sued in their individual capacities, even though their actions can only be effected through their official positions with the Department of Corrections, the action is not barred by the Eleventh Amendment.  *See Hafer v. Melo*, 502 U.S. 21, 23 (1991) (... "state officials sued in their individual capacities are 'persons' for purposes of § 1983.").

7.  The only thing Eleventh Amendment immunity waives is compensatory damages, not injunctive relief, so that any dismissal should only be for monetary damages which is not a "claim" subject to dismissal, and should only be addressed, if at all, by the court after the jury verdict.  "... [T]he Eleventh Amendment provides no shield for a state official confronted by a claim that he had deprived another of a federal right under color of state law." *Scheuer v. Rhodes*, 416 U.S. 232, 237 (1974).

For all these reasons, Defendants Motion to Dismiss should be denied.

---

[1] Defendants probably mean "Fed. R. Civ. P. 12(h)(3)."

**THE LAW OFFICE OF DAVID L. COOPER, P.C**.

        David L. Cooper
        **DAVID  L. COOPER, BPR # 11445**

        Third Avenue North Building
        208 Third Avenue, North, Suite 300
        Nashville, TN 37201
        (615) 256-1008

        *Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and exact copy of the foregoing **Plaintiff's Response to Defendants' Motion to Dismiss** has been delivered through the Court's CM/ECF system to **Jennifer L. Brenner, Esq. and Rebecca Lyford, Esq.,** Assistant Attorney General, Civil Rights & Claims Division, Office of the Attorney General & Reporter, P.O. Box 20207, Nashville, TN 37202-0207, on this <u>15th</u> day of January, 2015.

        David L. Cooper
        **DAVID L. COOPER**