IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TODD WHITE, | ) |
| Plaintiff, | ) No. 3:10-cv-00863 |
| | ) Senior Judge Haynes |
| v. | ) |
| RICKY BELL, et al., | ) |
| Defendants. | ) |

# MEMORANDUM

Before the Court are several motions in limine filed by each party in anticipation of the trial of this action:

### 1. Plaintiff's Motion in Limine No. 1

Plaintiff's motion in limine no. 1 (Docket Entry No. 289) seeks to exclude testimony and evidence concerning Plaintiff's prison disciplinary infractions, other than the events surrounding the cell extraction on May 31, 2010, as well as evidence of Plaintiff's prior criminal convictions. Defendants filed a response in opposition. (Docket Entry No. 296).

Under Fed. R. Evid. 404(b), evidence of an "other act" is inadmissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Thus, Defendants are prohibited from introducing evidence of Plaintiff's prior prison disciplinary infractions as propensity evidence to suggest conduct in conformity with such infractions. Acknowledging this limitation, Defendants contend that they are entitled to present such evidence, under Fed. R. Evid. 608(b), to impeach Plaintiff. Yet, Defendants do not offer any evidence to suggest that the conduct underlying Plaintiff's prison disciplinary infractions is, itself, probative of Plaintiff's character for truthfulness. Thus, such evidence is not admissible under Rule

608(b).

Regarding his prior criminal record, Fed. R. Evid. 609 allows Defendants to disclose the fact that Plaintiff is a convicted felon, but evidence regarding the underlying circumstances of Plaintiff's prior criminal convictions is inadmissible under Fed. R. Evid. 403, as the probative value of such testimony fails to outweigh the danger of unfair prejudice.

Accordingly, the motion is granted.

### 2. Plaintiff's Motion in Limine No. 2

Plaintiff's motion in limine no. 2 (Docket Entry No. 290) seeks to exclude Plaintiff's psychiatric records, Defendants' personnel records, and evidence concerning homemade prison shanks. Defendants filed a response in opposition. (Docket Entry No. 297).

Regarding Plaintiff's psychiatric records, Plaintiff contends that he has not suffered a mental injury as a result of the May 31, 2010 incident, thereby rendering his psychiatric records irrelevant under Fed. R. Evid. 402. Yet, Defendants contend that Plaintiff seeks damages as a result of sleeplessness, and that psychiatric records will serve to impeach this claim. The Court is uncertain as to whether Plaintiff contends that he suffers from sleeplessness as a result of the May 31, 2010 incident at issue. Thus, the Court cannot determine the relevancy of any psychiatric records at this time. Accordingly, the Court reserves ruling on the admissibility of Plaintiff's psychiatric records.

Regarding Defendants' personnel records, neither party intends to offer the personnel records at trial. Evidence of prior disciplinary actions is irrelevant to this action, and any probative value of such records would be substantially outweighed by a danger of unfair prejudice. Accordingly, the motion is granted to exclude evidence of Defendants' personnel records.

Regarding evidence of homemade prison shanks, evidence of specific homemade prison

shanks obtained through an unrelated cell search is both irrelevant, under Rule 402, and unfairly prejudicial under Rule 403. Yet, Defendants may offer evidence of homemade prison shanks, generally, to explain the standard safety precautions taken by members of the extraction team. Accordingly, the motion is granted with respect to evidence of specific homemade prison shanks.

### 3. Plaintiff's Motion in Limine No. 3

Plaintiff's motion in limine no. 3 (Docket Entry No. 291) seeks to exclude evidence or testimony that Plaintiff threw "urine" or "feces" on prison guards prior to the cell extraction on may 31, 2010. Defendants filed a response in opposition. (Docket Entry No. 298).

Plaintiff contends that such evidence is both speculative and unfairly prejudicial. Yet, Defendants are entitled to present evidence, based upon the first-hand knowledge or observation of witnesses, regarding the substance that Plaintiff threw prior to the cell extraction on May 31, 2010. Such evidence provides context for the jury, and its probative value is not substantially outweighed by a danger of unfair prejudice. Accordingly, the motion is denied without prejudice to renew at trial.

### 4. Defendants' Motion in Limine

Defendants' motion in limine (Docket Entry No. 299) seeks to exclude evidence of any lawsuits against these Defendants, other than the instant action, as well as questions regarding the use of force against inmate Ryan Honeycutt. Plaintiff filed a response in opposition. (Docket Entry No. 300).

There being no substantive opposition to Defendants' motion to exclude evidence of other lawsuits against Defendants, the motion is granted in that regard.

Regarding the Honeycutt incident, courts recognize "the admissibility of res gestae, or background evidence, in limited circumstances when the evidence includes conduct that is

3

'inextricably intertwined' with the charged offense." United States v. Clay, 667 F.3d 689, 697 (6th Cir. 2012). To be sure, "[w]hile this rule is an exception to Rule 404(b), it does not allow a party to evade 404(b) by introducing any and all other act evidence." Id. (internal citations omitted). Thus, although evidence regarding the Honeycutt incident is admissible as a "prelude to the charged offense," id. at 698, it cannot be offered to suggest Defendants' conduct in conformity with such acts. Accordingly, the motion, as it pertains to evidence of the Honeycutt incident, is denied without prejudice to renew at trial.

### 5. Plaintiff's Motion in Limine No. 4

Plaintiff's motion in limine no. 4 (Docket Entry No. 301) seeks to exclude references to the defense verdict rendered in the first trial of this action. Defendants did not file a response in opposition. Accordingly, for the reasons stated in Plaintiff's motion, the motion is granted and neither party shall reference the first trial in this action.

### 6. Plaintiff's Motion for Jury Instructions Prior to Closing

Plaintiff's motion for jury instructions prior to closing (Docket Entry No. 307) asks the Court to charge the jury before the parties give their closing arguments. Under Fed. R. Civ. P. 51(b)(3), the Court may instruct the jury at any time before the jury is discharged. Thus, it is within the Court's discretion to instruct the jury either before or after argument. See Fed. R. Civ. P. 51 advisory committee's notes (1987 amendment). In keeping with the standard practice of this Court, the motion is respectfully denied.

### 7. Defendants' Motion in Limine No. 2

Defendants' motion in limine no. 2 (Docket Entry No. 308) seeks to exclude testimony of all injuries other than those that occurred when Plaintiff was pushed against the wall in his cell.

There being no substantive opposition (Docket Entry No. 314), the motion is granted for the reasons stated in Defendants' motion.

### 8. Defendants' Motion in Limine No. 3

Defendants' motion in limine no. 3 (Docket Entry No. 311) seeks to exclude reference to any alleged statements by a nurse regarding Plaintiff's loss of consciousness. There being no substantive opposition, the motion is granted for the reasons stated in Defendants' motion.

An appropriate Order is filed herewith.

**ENTERED** this the ___ day of January, 2015.

William J. Haynes, Jr.
Senior United States District Judge