UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TODD WHITE, )
 )
 Plaintiff, )
 )
v. ) No. 3:10-00863
 ) Chief Judge Haynes
 )
RICKY BELL, et al., )
 )
 Defendants. )

## MEMORANDUM

Plaintiff Todd White filed this action under 42 U.S.C. § 1983 against the Defendants: Ricky Bell, individually and in his official capacity as Warden of the Riverbend Maximum Security Institution ("RMSI"), and Joel Rader, Joshua McCall, Gaelan Doss, Sean Stewart, Bryan Baldwin, Gregory Garner, and James Bossow, individually and in their official capacities as correctional officers at the RMSI.[1] Plaintiff's claims arose out of injuries he allegedly suffered during an extraction from his cell at RMSI, where he was an inmate. Plaintiff asserted claims for violation of his Eighth and Fourteenth Amendment rights by the Defendant Officers physically beating him in the process of extracting him from his cell and the Defendant Warden's failure to train and supervise adequately the Defendant Officers. Plaintiff's claims proceeded to a jury trial, and on September 27, 2013, a verdict in favor of the Defendants was entered. (Docket Entry No. 265).

Plaintiff filed a motion for new trial (Docket Entry No. 271), seeking a new trial against Defendants Rader, Doss, Stewart and McCall for excessive force; against Defendants Baldwin and

---

[1]Plaintiff voluntarily dismissed his claims against Stephen Rayno. (Docket Entry No. 125).

Bossow for failure to intervene; and against Defendant Bell for failure to train.[2] The Court granted Plaintiff's motion for new trial only as to Plaintiff's claim that Defendants McCall, Doss and/or Stewart committed excessive force by pushing Plaintiff's head into the wall in violation of the Eighth Amendment, but denied Plaintiff's motion as to the claims against Defendants Rader, Bossow, Baldwin and Bell. (Docket Entry Nos. 275 and 276).

Plaintiff's claims proceeded to a jury trial, and on January 21, 2015, a verdict in favor of Plaintiff and against Defendants McCall, Doss and Stewart was entered. (Docket Entry No. 329). The jury awarded Plaintiff $30,000 in compensatory damages against Defendant McCall, $15,000 in compensatory damages against Defendant Doss and $15,000 in compensatory damages against Defendant Stewart.

Before the Court is Plaintiff's motion for attorneys' fees (Docket Entry No. 337) under 42 U.S.C. § 1997e and Fed. R. Civ. P. 54, seeking $82,257.90 in fees and an upward adjustment of 50% for attorneys' fees.[3] In response (Docket Entry No. 346), Defendants Gaelan Doss and Sean Stewart request that the attorneys' fees be apportioned in accordance with the judgments entered against them.[4] Defendants did not address Plaintiff's request for an upward adjustment.

---

[2]Plaintiff did not seek a new trial as to Defendant Garner.

[3]Plaintiff filed a motion for costs (Docket Entry No. 341) and submitted a bill of costs (Docket Entry No. 344), seeking $4,482.65 in costs to which no Defendant filed an objection. The Clerk of Court entered a final taxation of costs in the amount of $4,482.65. (Docket Entry No. 345). Defendants did not file a motion for the Court to review the Clerk's action within seven days after the action of the Clerk pursuant to Fed. R. Civ. P. 54(d) and Local Rule 54.01. Thus, the Clerk's award of costs is final.

[4]Defendant Joshua McCall did not file a response.

Under 42 U.S.C. § 1988(b), Congress authorized the award of reasonable attorneys' fees and expenses to prevailing parties in civil rights actions under § 1983. Section 1988(b) provides that "[i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs[.]" "The purpose of § 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983) (citation omitted); see also Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 559 (2010) ("Section 1988 serves an important public purpose by making it possible for persons without means to bring suit to vindicate their rights."). "'[C]ounsel for prevailing parties should be paid, as is traditional with attorneys compensated by a fee-paying client, *for all time reasonably expended on a matter*.'" City of Riverside v. Rivera, 477 U.S. 561, 575 (1986) (internal quotation marks and citations omitted) (emphasis in original).

"[T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim." Farrar v. Hobby, 506 U.S. 103, 111 (1992). The statutory presumption is that absent "special circumstances" that would render such an award "unjust," a prevailing party under 42 U.S.C. § 1988 "must" be awarded attorneys' fees and expenses. Indep. Fed. of Flight Attendants v. Zipes, 491 U.S. 754, 761 (1989) (holding that "in absence of special circumstances a district court not merely 'may' but *must* award fees to the prevailing plaintiff") (citation omitted and emphasis in original); Hensley, 461 U.S. at 429 ("[A] prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.") (internal quotation marks and citations omitted); Berger v. City of Mayfield Heights, 265 F.3d 399, 406 (6th Cir.2001).

3

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA") that provides, in part:

> In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that—
>
> (A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and
>
> (B)(i) the amount of the fee is proportionately related to the court ordered relief for the violation; or
>
> (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.
>
> . . .
>
> (3) No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18 for payment of court-appointed counsel.

42 U.S.C. § 1997e(d). "Section 3006A, also known as the Criminal Justice Act (CJA), establishes the maximum allowable fees for court-appointed counsel representing indigent defendants in federal criminal cases and authorizes the Judicial Conference of the United States to increase these fees by taking into account such factors as inflation and prevailing hourly rates." Hadix v. Johnson, 398 F.3d 863, 865 (6th Cir. 2005). The Sixth Circuit has concluded "that the maximum allowable attorney fees under the PLRA should be based on the amount authorized by the Judicial Conference." Id. at 868. The current CJA rate for court-appointed counsel is $127.00 per hour. Judicial Conference, *Guide to Judiciary Policy*, Vol. 7, Part A, § 230.16.

Plaintiff's counsel, David Cooper and Ben Winters, respectively seek fees for 297.60 hours at an hourly rate of $190.50 and 134.20 hours at $190.50, for a total award of $82,257.90. Defendants do not challenge the reasonableness of hours expended or the rates charged. The Court

4

concludes that based upon Plaintiff's submissions the hours expended by Plaintiff's attorneys and the attorneys' hourly rates are reasonable.

Plaintiff also seeks an upward adjustment of 50% for attorneys' fees, contending that an upward adjustment of the fee application is reasonable because "the outcome for an award was based on success in the case, and the issue of liability based on the facts was hotly disputed." (Docket Entry No. 349 at 2-3). In support, Plaintiff cites Northcross v. Board of Education of Memphis City Schools, 611 F.2d 624 (6th Cir. 1980) and Green Party of Tennessee v. Hargett, 791 F.3d 684 (6th Cir. 2015). Northcross involved a school desegregation case that was litigated for 17 years from 1960 to 1977, whereas Green Party was one of a series of cases challenging Tennessee's ballot access statutes for minor political parties and the district court awarded a 50% enhancement based upon the defendant's repeated efforts to circumvent the district court's ruling.

This action arises under the PLRA, and while Plaintiff was successful as to three Defendants and the parties "hotly disputed" the facts, the Court concludes that these factors alone do not warrant an upward departure in this prison excessive force action. That Plaintiff was subjected to excessive force when he was pushed into the wall was not in dispute. Plaintiff does not demonstrate that Plaintiff's attorney's performance included "'an extraordinary outlay of expenses'" and the litigation was "'exceptionally protracted.'" See Green Party, 791 F.3d at 698 (quoting Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 555.

Defendants contend that the attorneys' fees and costs should be apportioned based upon the judgments entered against them, thereby requiring McCall to pay 50% of the attorneys' fees and costs and Doss and Stewart each being responsible for 25% of the attorneys' fees and costs.

Plaintiff contends that Court should find Defendants Doss, Stewart and McCall jointly and severally liable for the entire award of attorneys' fees and costs.

In support, Defendants cite <u>Berry v. Sch. Dist. of City of Benton Harbor</u>, 703 F. Supp. 1277 (W.D. Mich. 1986), where the court considered several factors in determining the proper apportionment of an award of attorneys' fees and costs. These factors are:

> First, the defendants' relative culpability is a factor. Second, the percentage of time that plaintiff devoted in its prosecution against each defendant is a factor. Third, the relative ability of each defendant to pay may affect the apportionment of a fee award. Finally, the inter-relatedness of all issues and claims may cause a court to apportion a fee award equally or roughly equally among all defendants.

<u>Id</u>. at 1286-87 (citations omitted).

The first factor favors Defendants as the jury verdict reflects each Defendant's respective percentage of culpability, that is, McCall was fifty percent (50%) at fault and Doss and Stewart were each twenty-five percent (25%) at fault. As to the second factor, "the percentage of time that plaintiff devoted in its prosecution against each defendant," Defendants assert that Plaintiff was able to consolidate his time in prosecuting his claims against Doss and Stewart because they were both represented by the same counsel, but Plaintiff had to duplicate many efforts in litigating the action against McCall, who was self-represented. Yet, the claim of excessive force was essentially the same as to each of the Defendants, and if anything, many of Plaintiff's hours are attributable to Defendants' counsel's litigation tactics. Thus, the Court concludes that this factor favors Plaintiff.

As to the third factor, "the relative ability of each defendant to pay may affect the apportionment of a fee award," Defendants assert that Doss is no longer a State of Tennessee employee and does not have any accumulated wealth or assets and that Stewart is a State employee, making a minimal salary and does not have any accumulated wealth or assets. Defendants further

assert that McCall is gainfully employed and appears to have a greater ability to pay. Defendants, however, do not present any evidence as to the income of any Defendant, including McCall, or their ability to pay. Accordingly, the Court concludes that this factor does not weigh in Defendants' favor.

Lastly, the fourth factor, "the inter-relatedness of all issues and claims," favors Plaintiff as the claim required essentially the same level of proof against McCall, Doss and Stewart as to who pushed Plaintiff into the wall and these Defendants implicated each other in the incident.

Accordingly, for these reasons, the Court concludes that Plaintiff's motion for attorneys' fees (Docket Entry No. 337) should be granted and Plaintiff should recover a total award of attorneys' fees in the amount of $82,257.90.

An appropriate Order is filed herewith.

**ENTERED** this the 31st day of August, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge