UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TODD WHITE,                )
                           )
    Plaintiff,             )
                           )
v.                         )   No. 3:10-00863
                           )   Chief Judge Haynes
                           )
RICKY BELL, et al.,        )
                           )
    Defendants.            )

## MEMORANDUM

Plaintiff Todd White filed this action under 42 U.S.C. § 1983 against the Defendants: Ricky Bell, individually and in his official capacity as Warden of the Riverbend Maximum Security Institution ("RMSI"), and Joel Rader, Joshua McCall, Gaelan Doss, Sean Stewart, Bryan Baldwin, Gregory Garner, and James Bossow, individually and in their official capacities as correctional officers at the RMSI.[1] Plaintiff's claims arose out of injuries he allegedly suffered during an extraction from his cell at RMSI, where he was an inmate. Plaintiff asserted claims for violation of his Eighth and Fourteenth Amendment rights by the Defendant Officers physically beating him in the process of extracting him from his cell and the Defendant Warden's failure to train and supervise adequately the Defendant Officers. After discovery, Defendant Bryan Baldwin filed a motion for summary judgment, and Defendants Ricky Bell, James Bossow, Gaelan Doss, Gregory Garner, Joel Rader, Jr. and Sean Stewart filed a motion to dismiss or for summary judgment that were both denied by the Court. (Docket Entry No. 255). Plaintiff's claims proceeded to a jury trial, and on September 27, 2013, a verdict in favor of the Defendants was entered. (Docket Entry No. 265).

---

[1] Plaintiff voluntarily dismissed his claims against Stephen Rayno. (Docket Entry No. 125).

Plaintiff filed a motion for new trial (Docket Entry No. 271), seeking a new trial against Defendants Rader, Doss, Stewart and McCall for excessive force; against Defendants Baldwin and Bossow for failure to intervene; and against Defendant Bell for failure to train.[2] The Court granted Plaintiff's motion for new trial only as to Plaintiff's claim that Defendants McCall, Doss and/or Stewart committed excessive force by pushing Plaintiff's head into the wall in violation of the Eighth Amendment, but denied Plaintiff's motion as to the claims against Defendants Rader, Bossow, Baldwin and Bell. (Docket Entry Nos. 275 and 276).

Upon retrial of this action, a verdict in favor of Plaintiff and against Defendants McCall, Doss and Stewart was entered. (Docket Entry No. 329). The jury awarded Plaintiff $30,000 in compensatory damages against McCall and $15,000 in compensatory damages separately against each of the Defendants, Doss and Stewart. Id.

Before the Court is Doss's and Stewart's motion for new trial (Docket Entry No. 347), contending that the verdict was against the weight of the evidence; the evidentiary errors at trial were unduly prejudicial to Defendants; and the jury's damages awards were inconsistent with the law and issues at trial.[3] In response, Plaintiff contends that the jury's verdict was not against the weight of the evidence, that there were not any evidentiary errors at trial that were unduly prejudicial and the jury's award was not inconsistent with the law and issues at trial.

Federal. Rule of Civil Procedure 59(a)(1)(A), which governs grounds for new trial, provides as follows:

---

[2]Plaintiff did not seek a new trial as to Defendant Garner.

[3]Defendant McCall did not file a motion for new trial.

2

> (1) The court may, on motion, grant a new trial on all or some of the issues – and to any party – as follows:
>
>> (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court.

The authority to grant a new trial under Rule 59 rests within the discretion of the trial court. Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940). "District courts are afforded broad discretion in deciding whether to grant a motion for a new trial." Clarksville-Montgomery County School Sys. v. U.S. Gypsum Co., 925 F.2d 993, 1002 (6th Cir.1991).

On a motion for a new trial, the Court is to decide if the jury could reasonably reach the verdict based upon the evidence. Powers v. Bayliner Marine Corp., 83 F.3d 790, 798 (6th Cir. 1996). A trial court cannot substitute its judgment on credibility for the jury's determinations. Anderson v. Conwood Co., 34 F. Supp.2d 650, 653 (W.D. Tenn. 1999) (citing Farber v. Massillon Bd. of Educ., 917 F.2d 1391, 1395 (6th Cir. 1990)).

Upon a motion for a new trial, the Court is not to set aside the jury verdict absent a showing of a "'seriously erroneous result' as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias." Holmes v. City of Massillon, Ohio, 78 F.3d 1041, 1046 (6th Cir. 1996).

In Strickland v. Owens Corning, 142 F.3d 353 (6th Cir. 1998), the Sixth Circuit outlined the following analysis for ruling on a motion for a new trial:

> [I]n ruling upon a motion for a new trial based on the ground that the verdict is against the weight of the evidence, the trial court must compare the opposing proofs, weigh the evidence, and set aside the verdict if it is of the opinion that the verdict is against the clear weight of the evidence. It should deny the motion if the verdict is one which could reasonably have been reached, and the verdict should not be

3

> considered unreasonable simply because different inferences and conclusions could have been drawn or because other results are more reasonable.

Id. at 357 (quoting J.C. Wyckoff & Assocs., Inc. v. Standard Fire Ins. Co., 936 F.2d 1474, 1487 (6th Cir. 1991)). Yet, "while the district judge has a duty to intervene in appropriate cases, the jury's verdict should be accepted if it is one which could reasonably have been reached." Bruner v. Dunaway, 684 F.2d 422, 425 (6th Cir. 1982). Thus, the Court shall "'deny the motion if the verdict is one which could reasonably have been reached,' regardless of whether 'different inferences and conclusions could have been drawn or because other results are more reasonable.'" Onuoha v. Continental Airlines, Inc., 97 F. App'x 1, 2-3 (6th Cir. 2003) (quoting J.C. Wyckoff, 936 F.2d at 1487).

Defendants contend that they are entitled to a new trial because the testimony and video evidence established that they did not push Plaintiff's head into the wall. Plaintiff contends that there was sufficient evidence for the jury to determine that Doss and Stewart committed excessive force.

The Eighth Amendment prohibits the "'unnecessary and wanton infliction of pain.'" Whitley v. Albers, 475 U.S. 312, 319 (1986) (quoting Ingraham v. Wright, 430 U.S. 651, 670 (1977) (citation and internal quotation marks omitted)). An Eighth Amendment claim for excessive force has both a subjective and an objective component. Farmer v. Brennan, 511 U.S. 825, 834 (1994). "Thus, courts considering a prisoner's claim must ask both if 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Hudson v. McMillian, 503 U.S. 1, 8 (1992) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). In the excessive force context, "whenever prison officials stand accused of

using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "'[S]uch factors as the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted,' are relevant [in determining the manner in which the force was applied]." Whitley, 475 U.S. at 321 (citation omitted).

Other relevant factors include "the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response." Id. "From such considerations inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." Id. Thus, "[t]he absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Hudson, 503 U.S. at 7.

The objective component of an Eighth Amendment claim requires that the pain be serious. Moore v. Holbrook, 2 F.3d 697, 700 (6th Cir. 1993). The objective component is contextual and is responsive to "contemporary standards of decency." Hudson, 503 U.S. at 8 (citation and internal quotation marks omitted). In the excessive force context, regardless of any significant injury "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. . . . Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." Id. at 9 (citation omitted).

To be sure, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id.; see id. (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.")). The Eighth Amendment recognizes "*de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10 (citation and internal quotation marks omitted).

The undisputed facts at trial showed that Plaintiff was restrained and compliant when he was pushed into the wall, injuring his head. The only dispute is as to who pushed Plaintiff into the wall. Defendant McCall testified that Defendants Doss and Stewart pushed Plaintiff into the wall. Defendants Doss and Stewart testified that McCall pushed Plaintiff into the wall. Defendants admitted that pushing a restrained and compliant inmate into a wall, causing injury to the inmate's head, constitutes excessive force under the Eighth Amendment.

Although Defendants contend that Doss was out of physical reach of Plaintiff at the time of the push, from the Court's perspective the video does not clearly support this contention as the exact position of Doss in relation to Plaintiff is difficult to discern. Jason Woodall, the former Tennessee Department of Corrections Director of Internal Investigations who conducted the investigation of the incident, testified that he could not definitively determine from the video who pushed Plaintiff into the wall. Woodall stated that he concluded in his report that McCall was the only person who used excessive force on Plaintiff, but on cross examination Woodall did not dispute that Doss could have played a minimal role in the pushing. Woodall further testified that Doss was less than truthful when first recounting the incident to Woodall.

As to Stewart, Defendants contend that the video shows Stewart "being abruptly jerked forward along with the force that pushed White's head into the wall." (Docket Entry No. 348 at 9). Yet, from the Court's view, the video does not provide a clear view of the incident. Woodall also testified that he could not determine from the video who pushed Plaintiff. Woodall further testified that his investigation revealed that Stewart was in close physical proximity to White at the time of the push.

Accordingly, based upon the evidence at trial, the Court concludes that the jury could reasonably have reached the conclusion that Doss and Stewart, along with McCall, subjected Plaintiff to excessive force.

Next, Defendants contend that Plaintiff's testimony that officers pushed him down at the bottom of the stairs during the escort after the cell extraction was irrelevant, highly prejudicial and had a substantial influence on the jury's verdict. Prior to the retrial, Defendants filed a motion in limine (Docket Entry No. 308) "to exclude any testimony or evidence about, or reference to, . . . any injuries Plaintiff Todd White suffered before or after he was pushed into his cell wall while he was restrained," citing the Court's previous Memorandum (Docket Entry No. 275 at 7) that granted Plaintiff's motion for new trial only as to "whether McCall, Doss and/or Stewart committed excessive force by pushing Plaintiff's head into the wall in violation of the Eighth Amendment." Without objection, the Court granted Defendants' motion in limine.

Plaintiff did not present proof that Plaintiff sustained injuries from being pushed down at the bottom of the stairs. Both parties played the video for the jury. Defendants did not object to the video being played in its entirety. Thus, the jury was able to see and hear the audio of the events at the bottom of the stairs. Plaintiff's testimony was limited to his description as to what was

happening on the video to put into context what the jury saw. The Court therefore concludes that this contention is without merit.

Defendants also contend that the Court's admission of Plaintiff's testimony under Fed. R. Evid. 801(d)(2)(D) as to Gregory Garner's out-of-court statement, "How'd you like that ass whooping?", was inadmissible hearsay, highly prejudicial and had a substantial influence on the jury's verdict. Rule 801(d)(2)(D) provides that a statement is not hearsay if "[t]he statement is offered against an opposing party and . . . was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Even if the admission of this statement were in error, the Court concludes that such admission was harmless as there was other evidence of excessive force, namely the undisputed facts that Plaintiff's injuries were caused by his head being pushed into the wall during the cell extraction and that Defendants agreed that pushing a restrained and compliant person's head into the wall constituted excessive force.

Finally, Defendants contend that the jury's award of damages was inconsistent with the law and issues at trial, suggesting that the jury awarded damages based upon an improper theory of liability, such as failure to intervene and ratification. Defendants assert that the inconsistent award of damages suggests that Plaintiff's counsel's inflammatory arguments regarding failure to report and/or ratification confused the jury and that the jury instructions referring to ratification and acquiescence also contributed to the jury's confusion of the issues.

Defendants did not raise any objections during Plaintiff's closing argument. "In the Sixth Circuit, if 'counsel's closing argument is improper, and if there is a reasonable probability that the verdict of [the] jury has been influenced by such conduct, it should be set aside,' even if opposing counsel failed to object. <u>Clark v. Chrysler Corp.</u>, 436 F.3d 594, 609 n.19 (6th Cir. 2006) (quoting

Strickland v. Owens Corning, 142 F.3d 353, 358 (6th Cir. 1998) (alteration in original) (quotations and citation omitted)). Yet, "the degree of prejudice required to obtain a new trial . . . is higher in the absence of objections at trial." Park W. Galleries, Inc. v. Hochman, 692 F.3d 539, 548 n.5 (6th Cir. 2012); Polek v. Grand River Nav., 872 F. Supp. 2d 582, 586 (E.D. Mich. 2012) (Because "Defendant did not lodge an objection or seek any curative instruction from the Court during Plaintiff's closing argument," "the degree of prejudice which Defendant must demonstrate in order to obtain a new trial is raised substantially.").

Woodall's testimony established that Defendants either failed to report the excessive use of force or did not fully report the details so as to not trigger an internal investigation. The jury could have reasonably viewed such actions as evidencing Defendants' attempt to hide their guilt and could have also considered it in weighing Defendants' credibility as to whether they used excessive force on Plaintiff.

As to Defendants' contention that the jury instructions on joint liability, coupled with Plaintiff's counsel' closing argument, also contributed to the jury's confusion and inconsistent damages award, Defendants contend that the following language from the jury instructions was improper: "All those who actively participate in a wrongful act, by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts for their benefit, are equally liable with him." Defendants contend that the Court should have instructed the jury that "there was not any evidence presented at trial that during the cell extraction these Defendant knew that Plaintiff would be pushed into the wall and had the opportunity to intervene," quoting the Court's Memorandum (Docket Entry 275 at 7) granting Plaintiff's motion for a new trial.

"The Court considers the jury instructions as a whole 'to determine whether they fairly and adequately submitted the issues and applicable law to the jury.' A new trial is not required based on flaws in the jury instructions 'unless the instructions, taken as a whole, are misleading or give an inadequate understanding of the law.'" Nolan v. Memphis City Sch., 589 F.3d 257, 265 (6th Cir. 2009) (citations omitted). "[I]n order to avoid waiver, an objection must not only be made prior to the jury's being charged, but also *renewed* after it is charged. 'The law in this circuit generally requires a formal objection, which should in most circumstances be made both before and after the jury instructions are read to the jury.'" Scott v. Miller, 361 F. App'x 650, 653 (6th Cir. 2010) (citation and internal quotation marks omitted) (emphasis omitted); Fed. R. Civ. P. 51(c). "A court may consider a plain error in the instructions that has not been preserved as required by Rule 51(d)(1) if the error affects substantial rights." Fed. R. Civ. P. 51(d)(2).

Here, Defendants did not object to the Court's instructions or request that the Court include the above quoted language from the Court's Memorandum. As to the joint liability instruction, the Court charged the jury as follows:

> Persons who concurrently violate others' civil rights are jointly and severally liable for injuries that cannot be apportioned.
>
> In this case there are multiple individual defendants and you must determine whether any or all of them are liable to the plaintiff. In this connection, you should determine whether the officers acted jointly with and/or assisted each other. Where two or more persons act together and cause a wrong to another, they incur a joint liability for the acts of each other. The law does not require the injured party to establish how much of the injury was done by one person and how much of the injury was done by another. Rather, it permits the injured party to treat all concerned in the injury jointly and all are liable to respond to the plaintiff in a total sum as damages. All those who actively participate in a wrongful act, by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts for their benefit, are equally liable with him. Express agreement is not necessary, and all that is required is that there should be a common design or understanding, even if it is a tacit one.

If two or more persons performed excessive force that may have produced the plaintiff's injury, but it is impossible to know which one really did, the two defendants may be jointly liable for that single injury. Where two or more actors use excessive force, and it is proved that harm has been caused to the plaintiff by only one of them, but there is uncertainty as to which one has caused it, the burden is upon each such actor to prove that he has not caused the harm.

The Court concludes that this is a correct statement of the law in light of the evidence before the jury. The Court also framed the issue and the verdict form for the jury to decide whether each Defendant pushed Plaintiff's head into his prison cell wall, thereby depriving Plaintiff of his Eighth Amendment right to be free from excessive force.

The Sixth Circuit has stated:

> Where there is some question as to the validity of a jury verdict, "it is incumbent upon a trial court . . . 'to reconcile the answers if possible under any view of the evidence in the case.'" Waggoner v. Mosti, 792 F.2d 595, 597 (6th Cir.1986) (quoting Sylvestri v. Warner & Swasey Co., 398 F.2d 598, 603 (2d Cir.1968)). Furthermore, " 'the consistency of the jury verdicts must be considered in light of the judge's instructions to the jury.' " Waggoner, 792 F.2d at 597 (quoting Bates v. Jean, 745 F.2d 1146, 1151 (7th Cir.1984)).

Johnson v. Howard, 24 F. App'x 480, 485 (6th Cir. 2001). Juries are presumed to have followed the instructions given to them by a trial court. Hildebrandt v. Hyatt Corp., 154 F. App'x 484, 489 (6th Cir. 2005); Smith Corona Corp. v. Pelikan, Inc., 784 F. Supp. 452, 468 (M.D. Tenn. 1992).

The Court charged the jury that each Defendant was entitled to separate consideration and that each Defendant's case must be decided separately. The evidence demonstrated that Plaintiff was subjected to excessive force. The jury could have reasonably determined that each Defendant contributed to Plaintiff being pushed into the wall. In reaching the damages awards, the jury could have reasonably concluded based upon the evidence that, while Doss and Stewart contributed to

pushing Plaintiff in to the wall, McCall's conduct warranted a larger assessment of damages as McCall exerted a greater amount of force in pushing Plaintiff's head into the wall.

Accordingly, for these reasons, the Court concludes that Defendants' motion for new trial (Docket Entry No. 347) should be denied.

An appropriate Order is filed herewith.

ENTERED this the 81st day of August, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge