```
 1                IN THE UNITED STATES DISTRICT COURT

 2          MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

 3   ------------------------------------------------------------

 4   TODD WHITE,                    )

 5                 Plaintiff,       )

 6                                  )

 7   v.                            )   CASE NO. 3:10-00863

 8                                  )

 9   GAYLE RAY, et al,              )

10                 Defendant.       )

11   ------------------------------------------------------------

12

13                     TRANSCRIPT OF PROCEEDINGS

14

15   ------------------------------------------------------------

16   DATE:                January 12, 2015

17   TIME:                2:00 P.M.

18   BEFORE:              HONORABLE WILLIAM J. HAYNES, JR.

19   ------------------------------------------------------------

20

21

22

23   COURT REPORTER:     PEGGY G. FOSTER
                         REGISTERED PROFESSIONAL REPORTER
24                       3188 LEWISBURG HIGHWAY
                         PETERSBURG, TENNESSEE 37144
25                       PHONE: (615)397-8181
                         Peggy_Foster@gmail.com
```

1                    A P P E A R A N C E S:

2    For the Plaintiff:   David Cooper
                          Benjamin Winters
3                         Attorneys at Law
                          Nashville, TN
4
     For the Defendant:   Jennifer Brenner
5                         Rebecca Lyford
                          Tennessee State Attorney General's Office
6                         Nashville, TN

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

P R O C E E D I N G S:

1

2  THE COURT:  We're here in Todd White v. Ricky Bell, et

3  al, Case Number 3:10-00863.  We're here for a final pretrial

4  conference.

5  MR. COOPER:  Your Honor, David Cooper and David Winters

6  are here for the plaintiff.

7  MS. BRENNER:  Jennifer Brenner and Rebecca Lyford for

8  Defendants Gaelan Doss and Sean Stewart.

9  THE COURT:  There is an individual defendant.

10  MR. COOPER:  Yes, Mr. McCall.

11  THE COURT:  The Court will note that he is not present.

12  Well, we tried this once, so I don't really need to

13  repeat trial procedures.  I will get to the motions in limine on

14  the morning of trial.  Although I think the motion for jury

15  instructions prior to closing is something so unusual, I think

16  it's likely to be denied.

17  MR. COOPER:  Okay.

18  THE COURT:  You all can't settle this case?

19  MR. COOPER:  Oh, Your Honor, I wish.

20  THE COURT:  Forget the damages.  Think of attorney's

21  fees.

22  MS. BRENNER:  Your Honor, Mr. Cooper and I have

23  discussed it recently.  I expressed his settlement offer to the

24  Department.  I still maintain there's three defendants.  I

25  represent two of them.  I'm convinced of their --

1    THE COURT:  Isn't there an indemnity provision for

2    state officials?

3    MS. BRENNER:  The Department's philosophy is there --

4    there is a strong public policy argument against settling.

5    THE COURT:  I used to represent the Department of

6    Corrections.  We settled a whole bunch of lawsuits.

7    MS. BRENNER:  They don't want to settle a case on

8    behalf of two defendants who we strongly believe had nothing to

9    do with Mr. White's injuries.

10    THE COURT:  All right.  Any other matters?

11    MR. COOPER:  Judge, I can't think of anything right

12    now.  I mean, we, of course, had a pretrial conference before,

13    so we're kind of prepared with the facts, all that good stuff.

14    MS. BRENNER:  Two quick issues.  We're going to be able

15    to bring in the shield and the restraints again, and the last

16    time you had us go through the Marshal's Service, they asked us

17    to get a court order from you.  As soon as we have permission

18    from them, I will submit an order.  Is that how you want to do

19    it?

20    THE COURT:  That's fine with me.

21    MR. COOPER:  I did have one thing after Ms. Brenner

22    stood.  She may have two things.

23    MS. BRENNER:  I'm curious about how we refer to the

24    first trial.

25    THE COURT:  We don't.

```
 1          MS. BRENNER:  If we want to impeach testimony that was
 2    given?
 3          THE COURT:  You can ask them whether you previously
 4    testified.
 5          MS. BRENNER:  Okay.  So we're not going to
 6    distinguish --
 7          THE COURT:  But we're not going to talk about any prior
 8    trial.  Have you previously testified in this matter.  That
 9    happens in depositions, so I don't see there is any danger
10    there.
11          MR. COOPER:  That shouldn't be a problem from our side,
12    Your Honor.  One thing, I'm really talking about the video of
13    the cell extraction.  The video was put in evidence in the first
14    trial.  I assume it's still in evidence.  Should we do a new
15    sticker?
16          THE COURT:  If you want to retrieve it and save the
17    cost of doing another video.
18          MR. COOPER:  Okay.  I will have new stickers on the
19    other.
20          THE COURT:  We'll just do a copy of the -- a visual
21    copy of the video showing what the exhibit number was at the
22    first trial.
23          MR. COOPER:  Okay.  Would it be all right to check with
24    one of your courtroom deputies about that, Your Honor?
25          THE COURT:  Yes, that's fine.  One of my law clerks.
```

1       Any other matters, either side?

2               MS. BRENNER:  No, Your Honor.

3               THE COURT:  We're adjourned.

4                           * * * * *

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

REPORTER'S CERTIFICATE

I, Peggy G. Foster, Registered Professional Reporter for the United States District Court for the Middle District of Tennessee, with offices at Nashville, do hereby certify:

That I reported on the Stenograph machine the proceedings held in open court on January 12, 2015, in the matter of TODD WHITE v. GAYLE RAY, et al, Case No. 3:10-cv-0863; that said proceedings in connection with the hearing were reduced to typewritten form by me; and that the foregoing transcript, Pages 1 through 6, is a true and accurate record of said proceedings.

This the 7th day of November, 2015.

_Peggy G. Foster_
S/Peggy G. Foster, RPR
Registered Professional Reporter